UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:20-CR-27 JD |
| DEVIN MYERS | |

**OPINION AND ORDER**

Defendant Devin Myers, proceeding *pro se*, has filed a letter with the Court that asks in part for an order granting him his proper credit time on his federal sentence, because he believes that the Bureau of Prisons has not and will not calculate his time properly. (DE 69 at 1–2.) While Mr. Myers did not file the letter as a § 2241 petition for habeas corpus, the Court liberally construes it as a § 2241 petition because Mr. Myers is proceeding *pro se* and challenging the calculation of his prison term. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (construing *pro se* filings liberally); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (explaining that a challenge to the calculation of a prison term is properly brought under § 2241).

The Court sentenced Mr. Myers on December 10, 2020, to a 50-month term of imprisonment on his conviction for possessing a firearm as a felon. (DE 57.) Mr. Myers is currently serving that sentence and, according to BOP records, has a projected release date of September 7, 2024, which would see him released approximately 45 months after the date he was sentenced.[1] Mr. Myers's current release date suggests he is receiving little if any credit for time he may have served in custody prior to his sentence, and Mr. Myers argued that the lack of credit represents a failure by the BOP to account for his prior time in custody. (DE 69 at 1.) His

---

[1] The projected release date information is taken from the BOP's find an inmate function on its website. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc, (last visited Jan. 5, 2022).

argument appears plausible based on his presentence investigation report, which stated he had been continuously detained before sentencing from the time he was first arrested on August 29, 2019, and which did not appear to list any lengthy, outstanding state terms of imprisonment he had yet to complete. (DE 48 at 1, 7–13.) Mr. Myers also alleged in his letter that he has written to the BOP several times about his concerns and has yet to receive a response, which suggests that he may have exhausted his administrative remedies before turning to the Court with these calculation concerns. (DE 69 at 3); *see Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (holding a petitioner under § 2241 must first exhaust his administrative remedies before bringing an action in district court).

However, while Mr. Myers has presented some facts that indicate he may be slated to serve a longer sentence than necessary, the Court cannot be certain based on the information he has provided, and without input from the Government, whether the relief Mr. Myers has requested is warranted. For that reason, the Court ORDERS the Government to respond to Mr. Myers's letter on or before February 5, 2022, explaining whether it believes Mr. Myers's concerns and request for court action have merit. The Government should specifically address how the BOP has determined Mr. Myers's release date and whether the BOP has properly credited Mr. Myers for the time he served in custody before he was sentenced.

SO ORDERED.

ENTERED: January 5, 2022

                                              /s/ JON E. DEGUILIO
                                              Chief Judge
                                              United States District Court