UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:20-CR-27 JD |
| DEVIN MYERS | |

**OPINION AND ORDER**

The defendant, Devin Myers, has moved, through counsel, to request a reduction in his sentence pursuant to the retroactive provisions of Amendment 821 to the United States Sentencing Guidelines. (DE 76.) The Government opposes this motion. For the following reasons this motion will be granted.

**A. Background**

On September 8, 2020, Mr. Myers was convicted, after pleading guilty, of one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Mr. Myers was then sentenced to 50 months of imprisonment by the Court on December 10, 2020. (DE 56.) At sentencing, the Court found Mr. Myers' offense level to be 17 and that he had ten criminal history points, placing him in Criminal History Category V. This resulted in a Sentencing Guidelines range of 46 to 57 months of imprisonment.

The criminal history calculation was eight points based on Mr. Myers' prior convictions, and two additional points for committing the instant offense while serving a criminal justice sentence pursuant to the then applicable Guidelines § 4A1.1(d). (DE 48 ¶¶ 60–62.) The offense level was a base level of fourteen, with a two-level increase for the firearm in question being stolen, and a four-level increase for possessing the firearm in connection with the other felony

offense of resisting law enforcement. (*Id.* ¶¶ 22–24.) This later enhancement was based on Mr. Myers' conduct during his arrest where he fled from police officers and violently resisted their efforts to detain him, causing serious injury to Officers Walsh and Bodel of the St. Joseph County Police Department. (*Id.* ¶¶ 9, 13–16.) Mr. Myers received a three-level reduction for his acceptance of responsibility for a total level of 17. (*Id.* ¶ 30–32.)

### B. Legal Authority

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of a reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step the Court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.*

### C. Discussion

Mr. Myers argues he is eligible for a reduction in sentence based upon the retroactive amendment to the assessment of status points. Under his initial Guidelines calculation Mr. Watford received two status points, while under the new version of the Guidelines he would

receive one status point. U.S.S.G. § 4A1.1(e). This would change Mr. Myer's criminal history score from ten to nine, and place him in Category IV instead of Category V. Coupled with his offense level of 17, this would result in a new Guideline range of 37 to 46 months of imprisonment.

Mr. Myers argues that in light of Amendment 821, his sincere allocution at sentencing, and his efforts at improvement through pre-sentencing jail programming and Bureau of Prisons ("BOP") educational courses, he merits a reduced sentence of time served[1]. This sentence would be at the low-middle portion of the new Guideline range, mirroring the relative position of his original sentence. If he serves the entirety of his original sentence, Mr. Myers would be released from BOP custody on October 31, 2024.[2]

The Government agrees that Mr. Myers is eligible for a sentencing reduction pursuant to Amendment 821, but argues that the Court should deny such a reduction. The Government points to Mr. Myers' criminal history, which was quite high for his young age at the time of sentencing, his disciplinary issues within the BOP, and the severity of the conduct underlying his offense as a basis for their position. The Government also refers to the Court's prior comments at sentencing that it would have imposed a similar sentence, even if it had ruled in Mr. Myers' favor on his objection to the four-level enhancement for possessing the firearm in furtherance of another felony offense.[3]

---

[1] Mr. Myers requests a sentence of 40 months, which he indicates is equivalent to time served at the time he filed his motion. As Mr. Myers has continued to serve his sentence since the motion was filed, accruing more than 40 months, the Court will treat his request as one for time served. The Court would remind counsel it lacks authority to resentence a defendant to a sentence less than time actually served. U.S.S.G. § 1B1.10(b)(2)(C).

[2] Mr. Myers is currently completing his federal sentence at a halfway house in Chicago.

[3] Mr. Myers withdrew this objection before the Court had occasion to rule on it, but the Court made a record at the sentencing hearing holding that in the alternative it would have overruled his objection.

The Court will grant Mr. Myers' request for a sentence reduction. As an initial matter, the Court is not persuaded by the Government's argument that its prior language at sentencing about the appropriate sentence even if the objection was sustained weighs against a reduction. The Court's comment was limited to the aggravated nature of the resisting arrest and that it should be accounted for in the sentencing whether or not it met the elements of the guideline enhancement. A reduced sentence within the revised guideline range still accounts for that conduct.

Turning to the § 3553(a) factors, the Court finds that they support a sentence of time served, which would be well within the mid-range of the modified guideline range. All of the aggravating and mitigating factors previously cited by the Court continue to apply and weigh against a sentence at the low end. However, several new factors, mostly mitigating, weigh in Mr. Myers' favor. Considering his post-sentencing conduct, Mr. Myers has completed multiple educational courses within the BOP including a CDL course. The Court has also considered the letter Mr. Myers' has written in support his motion. The Court finds this to be strong mitigating evidence which supports the claims made in his allocution at sentencing. The Court does also recognize the aggravating post sentencing conduct of seven disciplinary sanctions while in BOP custody, six of which were in 2023. While none of these sanctions are particularly serious individually, e.g., his three sanctions for phone abuse, they reflect Mr. Myers still has some issues to work through in obeying rules and instructions from authority. The recency of the sanctions is also somewhat concerning as it reflects his issues are still ongoing.

In consideration of these factors, the Court finds that Mr. Myers is entitled to a reduction to a sentence of time served, again, which is well within the mid-range of the modified range. Moreover, the Court recognizes that his release from a halfway house may not be immediate, as the BOP may be allowed some short period of time to facilitate his release. The Court concludes

that such a revised sentence will adequately satisfy the factors outlined under § 3553(a). The Court also notes that Mr. Myers's release from BOP custody will be followed by a two-year term of supervised release which will ensure continuing oversight of Mr. Myers' behavior and assist his reintegration into the community.

### D. Conclusion

Accordingly, the motion for a reduction in sentence is GRANTED. (DE 76.) The Court ORDERS that Mr. Myers' sentence be AMENDED to a sentence of time served. This order will not disturb any other provision of the previously imposed sentence. The Court FURTHER ORDERS that the Bureau of Prisons may delay releasing Mr. Myers for up to an additional ten (10) days from the date of this order if such a delay is necessary to conduct the requisite safety background checks, victim notifications, and other release planning.

SO ORDERED.

ENTERED: April 22, 2024

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court